USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

                -against-

RAFAEL MENA

                         Defendant.

------------------------------------------------------------x

10 Cr. 109 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

      On June 17, 2011, this Court sentenced defendant Rafael Mena principally to time served followed by two years of supervised release pursuant to U.S.S.G. § 5K 1.1 and 18 U.S.C. § 3553(a). On consent of the parties, the Court also ordered Mena to forfeit $350,000 in United States currency and entered an Order of Forfeiture so stating. Defendant moved on July 1, 2011 to amend the Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 35(a) reducing the amount of forfeiture to $21,000 or, in the alternative, for a stay of its enforcement pending appeal pursuant to Federal Rule of Criminal Procedure 32.2(d). Four days later, on July 5, 2011, defendant filed a notice of appeal from the judgment and from the Order of Forfeiture.

      In a letter dated July 20, 2011, the Government contends that the Court lacks jurisdiction to rule on defendant's Rule 35 motion because defendant has appealed the judgment and Order of Forfeiture that he now seeks to alter through the Rule 35 motion. The Court agrees. *See United States v. Ransom*, 866 F.2d 574, 575-76 (2d Cir. 1989) (district court may not grant a Rule 35 motion pending appeal of a judgment); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Defense counsel, in a letter dated July 22, 2011, asserts that the Court has jurisdiction over the Rule 35 motion based on Federal Rule of Appellate Procedure 4(b)(5), which states that "[t]he filing of a notice of appeal . . . does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a)." However, Rule 4(b)(5) merely states that the district court has jurisdiction to correct a sentence, notwithstanding a notice of appeal, pursuant to the terms of Rule 35(a). Rule 35(a), in turn, authorizes a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error" so long as the correction itself occurs "[w]ithin *fourteen days* after sentencing." Fed. R. Crim. P. 35(a) (emphasis added); *see United States v. Miller*, 594 F.3d 172 (3d Cir. 2010) (finding that the time limit in Rule 35 does not apply to when counsel moved but rather "[i]t is expressly in terms of the District Court's action"); *United States v. Finkielstain*, 89 Crim. 0009, 2007 U.S. Dist. LEXIS 87266, at *1-2 (S.D.N.Y. Nov. 28, 2007).

Because more than fourteen days have elapsed since defendant's sentencing and the Order of Forfeiture at issue on appeal, the Court finds that it lacks jurisdiction to decide the Rule 35(a) motion. The Court also notes that the Order of Forfeiture was not at issue in the sentencing to the extent defendant expressly consented to the Government's proposed forfeiture—$350,000. (*See* Sentencing Minutes dated June 17, 2011 at 3:13-15.) Finally, the Court grants defendant's request to stay the enforcement of the Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(d) pending appeal.

Dated: New York, New York
July 25, 2011

SO ORDERED:

Sidney H. Stein, U.S.D.J.